212 So.2d 764 (1968)
THE FLORIDA BAR, Complainant,
v.
Laurence I. GOODRICH, Respondent.
No. 35988.
Supreme Court of Florida.
July 18, 1968.
William C. McLean, Jr., Tampa, for The Florida Bar, complainant.
J.A. McClain, Jr. (of McClain, Turbiville & Davis), Tampa, for respondent.
THORNAL, Justice.
In this disciplinary proceeding the respondent Goodrich, a member of The Florida Bar was charged with violations of Canons 6, 35 and 47 of the Code of Ethics Governing Attorneys. The referee found that admissions by the respondent and other proofs established the following allegations of the Complaint:
"3. During 1962, Respondent was retained as attorney for W.J. Steen and Associates, an agency of approximately ten or twelve insurance underwriters, and for a period of approximately two years Respondent prepared and furnished to the agency estate analyses of prospective purchasers of life insurance.
"4. Respondent prepared data sheets for use by the agency's underwriters. Thereafter, the underwriters would ask prospective purchasers to furnish personal data and consent to its use by Respondent in preparing estate analyses, which would be done without cost to the customer. *765 For this service Respondent was paid a fixed fee by the agency in addition to payment of a retainer fee for any business matter of the agency. Respondent furnished the original and copies of such analyses to the agency and permitted such analysis to be presented and used by the underwriters in their dealings with the prospective purchaser of life insurance. If the customer showed interest in the analysis and its recommendations, the underwriter held further conferences with Respondent, the prospective purchaser and the purchaser's attorney, in the event the client had an attorney. At such conferences, the customer was clearly told that Respondent was the attorney for the agency.
"5. Respondent prepared approximately 12 analyses during the aforesaid period of time and, as a result of conferences therefrom, entered into normal attorney-client relationships with approximately 6 of such customers notwithstanding his continuing representation of the agency. In such cases, fees were paid by the customer to Respondent for professional services required for completion of recommendations made in such analyses. Respondent never represented the prospective clients of the agency prior to their being brought to the offices of Respondent by the agency."
Canon 6, supra, condemns representation of conflicting interests except "by express consent of all concerned given after a full disclosure of the facts". The referee found Mr. Goodrich not guilty of violating this Canon. The Board of Governors concurred and so do we.
Canon 35, supra, provides in effect that the professional services of a lawyer should not be controlled or exploited by a lay agency. It requires that a lawyer's services to his client be personal and direct. Canon 47, supra, prohibits a lawyer from permitting the use of his name or services in aid of the unauthorized practice of law.
Respondent Goodrich admits an unintentional violation of Canons 35 and 47, supra. He states, however, that when he engaged in this activity during 1962-1964 the questioned aspects of his conduct had not yet been determined to be unethical. He points to the fact that when approached by the local grievance committee he cooperated to the fullest extent. He researched the precedents and at that point found the decisions in Oregon State Bar v. John H. Miller & Co., 235 Or. 341, 385 P.2d 181 (1963), and State Bar Association of Connecticut v. Connecticut Bank & Trust Co., 145 Conn. 222, 140 A.2d 863, 69 A.L.R.2d 394 (1958). Respondent then brought the decisions to the attention of the local committee and discontinued the questionable practice.
On the basis of the admissions by Mr. Goodrich regarding Canons 35 and 47, supra, the referee recommended a private reprimand and assessment of costs. When the matter was filed with the Board of Governors, Integration Rule, Art. XI, § 11.05(9) (c), neither the respondent nor Bar Counsel offered any objections to the referee's recommendations. The Board approved the findings but changed the penalty from a private to a public reprimand. Respondent petitions for review. Integration Rule, Art. XI, § 11.11. He continues to offer no objection to the recommendations of the referee. He insists that the Board should have followed it.
We find here a relatively young lawyer admitted to practice in September 1957. In law school he had given special attention to achieving some expertise in estate planning. In fact, there is some indication that as a student assistant he aided a law school faculty member in the very same type of estate planning activities as are involved in the instant matter. It seemed to be an acceptable practice by lawyers and law professors of integrity. When the concerns of the profession were implemented by the initiation of the investigation here, the respondent then researched *766 the matter thoroughly and discontinued the practice.
This respondent has an excellent record of public service both to his community and his profession. He has held numerous positions of responsibility in the Bar and in community life. This type of background does not excuse professional misconduct. However, it does tend to suggest that an individual so committed and so oriented professionally is not likely to do willful violence to the ethics of the profession. It further suggests that such an individual is amenable to minimal corrective measures in the event of an unintentional professional misprision.
We agree with the cited decisions from Oregon and Connecticut condemning the type of conduct demonstrated by the instant record. This conclusion is now clear. Any future violations might well be dealt with more severely than we do in the instant matter.
In the matter at hand, we have been impressed by the forthright approach of the lawyer; by his assistance to the Bar in concluding the matter; by his background of training; by his splendid record of public and professional service; and, by what appears to be a dedicated commitment to prevent this sort of thing from happening again either through the conduct of himself or others.
In view of all of the circumstances, we feel that the discipline prescribed by the referee was adequate. A private reprimand, plus payment of costs would have been and is, sufficient. Although this cause has necessarily become a matter of public record, we have expressed our views in some detail for the benefit of both the Bar and the respondent.
The judgment of the Board of Governors is affirmed in part and reversed in part and the matter is remanded to the Board for further proceedings consistent herewith.
It is so ordered.
CALDWELL, C.J., and ROBERTS, ERVIN and ADAMS, JJ., concur.